**FILED**

APR 1 3 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LAWRENCE WILDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 0681 |
| ) | |
| HILDA SOLIS,[1] ) | |
| Secretary, United States Department of Labor, *et al.*,) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed for lack of subject matter jurisdiction.

It appears that plaintiff suffers from a mental illness and that his illness was a factor in the events leading to his removal from federal service. The Court construes his Complaint as an action against the Secretary of Labor and the Acting Secretary of Health and Human Services to challenge the agencies' handling of a claim for workers' compensation benefits and an application for disability retirement filed on his behalf by the Department of Health and Human

---

[1] Although plaintiff has named the Acting Secretary of the United States Department of Labor as a party defendant, and the Court substitutes the current Secretary of Labor as a party under Fed. R. Civ. P. 25(d).

1

Services under 5 C.F.R. § 844.202.[2] He demands damages of $101,180,973.

"The Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.*, establishes a comprehensive workers' compensation scheme under which federal employees . . . receive compensation, regardless of fault, for employment related injuries or deaths." *Chung v. Chao*, 518 F. Supp. 2d 270, 272 (D.D.C. 2007). Under the FECA, the decision of the Secretary of Labor in allowing or denying a workers' compensation payment is "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(2). This is "an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) (internal quotation marks and citation omitted). Any claim plaintiff purports to raise under the FECA must be dismissed for lack of subject matter jurisdiction. *See id.*; *Roberts v. United States Dep't of Labor*, No. 92-1034, 1993 WL 32318, at *1 (D.C. Cir. Jan. 29, 1993) (per curiam) (affirming dismissal of a FECA claim because 5 U.S.C. § 8128 "precludes judicial review of an action of the Secretary of Labor in allowing or denying a payment").

A decision to remove a federal employee is matter over which the Merit Systems Protection Board ("MSPB") has jurisdiction. *See* 5 U.S.C. § 7701(a); C.F.R. § 1201.3(a)(1). A challenge to the MSPB's substantive and procedural decisions in handling his case "should proceed along the heretofore universally accepted route of judicial review, not through a collateral attack raised in the district court." *Arakawa v. Reagan.* 666 F. Supp. 254, 257 (D.D.C. 1987). His claims pertaining to the MSPB must be dismissed for lack of subject matter

---

[2] For purposes of this Memorandum Opinion, the Court considers together two complaints which appear to raise similar claims and to which plaintiff attaches identical exhibits.

jurisdiction. *See Miller v. Roberts*, 548 F. Supp. 2d 1227, 1232 (N.D. Okla. 2008) (dismissing a claim against the MSPB because "exclusive jurisdiction over [the plaintiff's] claim against the MSPB lies with the United States Court of Appeals for the Federal Circuit"); *Wexler v. Merit Systems Protection Bd.*, 986 F.2d at 1432; *Arakawa*, 666 F. Supp. at 257.

An Order accompanies this Memorandum Opinion.

/s/ Reggie B. Walton
United States District Judge

DATE: March 23, 2009